**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| QUENTIN PICKETT, | :: | MOTION TO VACATE |
|     Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:17-CR-0180-ELR-RGV-1 |
| UNITED STATES OF AMERICA, | :: | |
|     Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:18-CV-0583-ELR-RGV |

## FINAL REPORT AND RECOMMENDATION

This matter has been submitted to the undersigned Magistrate Judge for consideration of Quentin Pickett's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. 133]. For the reasons that follow, the undersigned finds that this § 2255 motion is premature and **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings (hereinafter "Rule 4(b)").[1]

---

[1] Rule 4(b) provides that: "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

## I. DISCUSSION

A federal grand jury in the Northern District of Georgia returned a seventeen-count indictment against Pickett and four co-defendants, charging Picket in Count One with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, in Counts Two through Seven and Eleven with wire fraud, in violation of 18 U.S.C. §§ 1343 and 2, and in Counts Twelve through Fifteen with aggravated identify theft, in violation of 18 U.S.C. §§ 1028A and 2. [Doc. 1]. Represented by Vionnette Johnson of the Federal Public Defender Program, Inc., Pickett entered a negotiated guilty plea to Counts One and Twelve. [Docs. 17; 84]. The Court imposed a total sentence of eighty-one months of imprisonment. [Doc. 125].

Pickett timely filed a notice of appeal, [Doc. 129], which recently was docketed in the United States Court of Appeals for the Eleventh Circuit. [Doc. 132]. Pickett also submitted this § 2255 motion on January 29, 2018, arguing that his guilty plea was invalid and that he received ineffective assistance of counsel during sentencing. [Doc. 133].

Because Pickett's appeal is currently pending before the Eleventh Circuit, this Court lacks jurisdiction to consider and rule on his § 2255 motion. See United States v. Casaran-Rivas, 311 F. App'x 269, 272-74 (11th Cir. 2009) (per curiam); United

AO 72A
(Rev.8/82)

States v. Dunham, 240 F.3d 1328, 1329-30 (11th Cir. 2001) (per curiam); United States v. Stanley, No. 1:09-cr-406-TCB-JFK-2, 2013 WL 4541834, at *1 (N.D. Ga. Aug. 26, 2013). Accordingly, Pickett's § 2255 motion is due to be dismissed without prejudice as premature. See id.

## II. CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a COA shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Because the dismissal of Pickett's § 2255 motion as

3

premature is not debatable by jurists of reason, the undersigned recommends that he be denied a COA.

### III.  CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that Pickett's premature § 2255 motion, [Doc. 133], be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4(b) and that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the Magistrate Judge.

**SO RECOMMENDED**, this 14th day of FEBRUARY, 2018.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE